## JAMES WILLIAMS v. STATE.

No. A-6355.   Opinion Filed Nov. 24, 1928.
(271 Pac. 856.)

H. M. Carr, and I. H. Lookabaugh, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Blaine county on a charge of manslaughter in the first degree and his punishment fixed at imprisonment in the state penitentiary for a term of 25 years.

Counsel for defendant have filed a brief consisting of one typewritten page, which sets out five assignments of error without making any argument or citing any authorities in support of the assignments and practically doing no more than stating them.   Rule 7 of this court is as follows:

"The brief of plaintiff in error shall contain:   First: a concise abstract, or statement of the case, presenting succinctly the questions involved and the manner in which they are raised.   Second:   A specification of the errors relied upon, specifically and particularly setting out each error asserted and intended to be urged.   When the error

alleged relates to the admission or to the rejection of evidence, the specification shall quote the full substance of the evidence admitted or rejected, stating specifically the objections thereto. When the error alleged relates to the instructions of the court the specification shall set out the part referred to in totidem verbis, whether it be instructions given or instructions refused. Abstracts shall be indexed and shall refer to the pages of the record. Third: A brief of the argument, exhibiting a clear statement of the point of law or fact to be discussed, with a reference to the pages of the record and the authorities relied upon in support of each point. In citing cases from the courts of this state, counsel are required to cite volume and page of the official state reports in which the case is reported."

This rule is not complied with by the brief filed, but owing to the gravity of the case, we have read the record carefully and have considered the assignments set out.

The record discloses that on the date charged defendant and his brother-in-law, Jones, were at work near a public highway when Harry Johnson, with a loaded wagon, drove up. Johnson either stopped or was stopped by defendant and his brother-in-law, Jones, and a difficulty followed. Johnson, while on his wagon, was assaulted by Jones with a club and was struck twice and either fell off or jumped off of the wagon, and a shooting between defendant and Johnson followed, in which Jones was shot in the head. Defendant had a slight bullet wound in the left hand. Johnson was shot six times, two of the wounds being in the back. From this shooting he died almost immediately.

The evidence of defendant tended to sustain the theory that Jones and Johnson, the deceased, engaged in a difficulty, and that he approached for the purpose of stopping the difficulty when Johnson advanced on him, with a pistol, threatening to kill him and did wound him in the hand, and that he thereupon wrested the gun from

Johnson and fired at him until the pistol was empty. This defense presents a controverted question of fact which was submitted to the jury, which evidently did not believe this testimony. It was within the province of the jury to determine whom they would believe or disbelieve. No material error is shown, and no reason is apparent why this court should disturb the verdict.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.